IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,  :
:
v.  :
: CRIMINAL ACTION NO.
WILLIAM ANTHONY EVERETT and : 1:17-CR-20-RWS-JKL
MARCUS LAMONT WARD, JR.,  :
:
Defendants.  :

## ORDER

This matter is before the Court on the Report and Recommendation of Magistrate Judge John K. Larkins, III [Doc. No. 90]. Both Defendants have filed objections to the Report and Recommendation [Doc. Nos. 95 and 98].

Defendant Everett has filed four objections to the legal conclusions contained within the Report and Recommendation. First, Defendant Everett objects to the recommendation regarding the GPS tracker to preserve this issue in the event that further facts are developed at trial. That objection is noted for the record. Second, Defendant Everett argues that his Fourth Amendment rights were violated when he was seized from the car and arrested without probable cause. Third, Defendant Everett challenges the Recommendation regarding the search of his person. The Court disagrees with Everett. The BOLO was a sufficient basis for the stop of the

vehicle. The Report and Recommendation finds that Everett's person was properly searched incident to arrest. Defendant Everett argues that the Report and Recommendation is incorrect as to the timing of the events and that he was actually searched immediately after being removed from the SUV. Even if the search occurred prior to the arrest, and therefore could not be a search incident to arrest, any evidence derived from the search of the Microtel hotel would still be protected by the inevitable discovery doctrine. Probable cause existed for Everett's arrest when the detective observed the clothing in the SUV that matched the description of the LaGrange robbery suspect's clothing. A search conducted after finding the clothing would have inevitably resulted in finding the hotel room key. Fourth, Defendant Everett argues that the identification by the bank manager was impermissibly suggestive and unreliable. The Court has considered the circumstances under the two-part analysis provided in United States v. Diaz, 248 F.3d 1065 (11th Cir. 2001), and agrees with the Report and Recommendation.

Defendant Ward argues that the officers did not have probable cause to stop the vehicle or the necessary probable cause to search the vehicle without a warrant. As discussed above, the BOLO provided a sufficient basis for the stop of the vehicle. The search of the vehicle was permissible under the automobile exception and

2

pursuant to an inventory search.

The objections [Doc. Nos. 95 and 98] are OVERRULED, and the Report and Recommendation [Doc. No. 90] is hereby approved and adopted as the opinion and order of this Court. As such, Defendants' Motions [Doc. Nos. 38, 39, 40, 41, 42, and 43] are DENIED. The Court will set this case for trial by later order.

**SO ORDERED** this 10TH day of May, 2018.

_____
RICHARD W. STORY
United States District Judge

AO 72A
(Rev.8/82)