UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>WILLIAM ANTHONY EVERETT,<br>Defendant. | CRIMINAL ACTION NO.<br>1:17-CR-20-1-RWS-JKL |

# **O R D E R**

This matter is before the Court on the Report and Recommendation of Magistrate Judge John K. Larkins, III [Doc. No. 168].

In reviewing a Report and Recommendation, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). Absent objection, the district judge "may

accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record" in order to accept the recommendation. Fed. R. Civ. P. 72, advisory committee note, 1983 Edition, Subdivision (b). In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which Defendant objects and has reviewed the remainder of the R&R for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

First, Defendant Everett objects to the Recommendation regarding his Motion to Suppress. Specifically, Defendant argues that he should have been permitted to subpoena the store employees to testify to the facts about which they had the most direct knowledge and about which the officer could not or did not testify. Defendant argues that the identifications are not reliable and should be suppressed as the product of an unduly suggestive procedure because the officers who testified failed to follow state law, Department of Justice policy, and their own department's procedures for recording the identification process, having a blind identification process with an officer who does not know who the suspect is, and documenting the

identification process with the number of rounds the photographs were shown and in what order they were shown.

The Eleventh Circuit has adopted a two-part analysis to determine whether an out-of-court identification procedure violates due process. First, the Court considers whether the identification procedure was unduly suggestive. United States v. Diaz, 248 F.3d 1065, 1102 (11th Cir. 2001). If the Court concludes that the identification procedure was not unduly suggestive, then the inquiry ends. If, however, the Court concludes that it was unduly suggestive, then the Court considers whether, under the totality of the circumstances, the identification was nevertheless reliable. Id. The Supreme Court has identified factors the Court should consider to determine the reliability of an identification, including: (1) the opportunity the witness had to view the suspect at the time of the crime; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description of the suspect; (4) the level of certainty demonstrated by the witness in making her identification; and (5) the length of time between the crime and the identification. Id. (citing Neil v. Biggers, 409 U.S. 188 (1972)).

The Court has considered the cumulative effect of the differences between Defendant Everett's photograph and the other photographs shown to the witnesses and finds that the identification procedure was not unduly suggestive because of the

photographs used in the lineup.  Also, although the Court acknowledges that Officer Todman did not follow state law or departmental policy in the way he conducted the photo identification, his administration of the lineup was not unduly suggestive. Even assuming the procedure was unduly suggestive, though, the identifications were sufficiently reliable in view of the factors set forth in Diaz.  This objection is OVERRULED.

Second, Defendant objects to the recommendation regarding his Motion to Dismiss particular § 924(c) counts in the indictment.  Defendant acknowledges that binding precedent precludes the Court from granting the relief requested [Doc. No. 173, p. 6].  This objection is OVERRULED.

For the reasons discussed above, Defendant's objections [Doc. No. 173] are OVERRULED, and the Report and Recommendation [Doc. No. 168] is hereby approved and adopted as the opinion and order of this Court.  As such, Defendant Everett's Motion to Suppress [Doc. No. 116] is DENIED, and Defendant Everett's Motion to Dismiss the § 924(c) Counts [Doc. No. 117] is DENIED.  Defendant Everett's Motion to Dismiss the Indictment as to the § 924(c) Enhancement [Doc. No. 125] is DENIED without prejudice to Defendant raising the issue at sentencing. The Court will set this case for trial.

**SO ORDERED** this 30th day of August, 2019.

_____
**RICHARD W. STORY**
United States District Judge